■ In the Matter of the Application of JOEL SALON for Admission to the Bar.— Application for admission to the Bar denied, without prejudice to renewal after the applicant shall have established an actual residence in the State of New York and shall have complied with all requirements as to residence in New York (CPLR 9406; 22 NYCRR 521.1, 521.2). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ DAVID PERLES, Respondent, v. JUNE PERLES, Appellant.— Motion by appellant for leave to appeal to the Court of Appeals and for a stay of trial granted. In our opinion, questions of law have risen which ought to be reviewed. Plaintiff is stayed from proceeding with the trial pending determination of the appeal by the Court of Appeals. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. JARRELS, Appellant.— Motion by appellant pro se for reargument of appeal from order of the Supreme Court, Queens County, dated May 20, 1966, granted; and, upon reargument, decision of this court dated October 28, 1968 (30 A D 2d 1053) amended by striking therefrom the following: "affirmed. No opinion."; and substituting therefor; "reversed, on the law, and case remitted to the Criminal Term for a hearing on defendant's claim that his counsel did not keep a promise to take an appeal (People v. Callaway, 24 N Y 2d 127; People v. Montgomery, 24 N Y 2d 130). The findings of fact below upon the issue of whether the prison authorities refused to provide defendant with postage to enable him to file a notice of appeal are affirmed. Order dated October 28, 1968 amended accordingly." Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.

■ G. & D. POULTRY FARMS, INC., Appellant, v. LONG ISLAND BUTTER & EGG CO., INC., Respondent.— In an action to recover a balance owing for goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Nassau County, dated March 14, 1969, which denied its motion for summary judgment. Order reversed, on the law, and plaintiff's motion for summary judgment in the full amount demanded in the complaint, and dismissing defendant's counterclaims, granted, with $20 costs and disbursements. In our opinion, defendant waived its right to assert a counterclaim with respect to alleged defects in plaintiff's merchandise. Not only was the delay in asserting said claim unreasonable as a matter of law but, despite knowledge of alleged defects, defendant continued to order additional goods and pay for same without once indicating to plaintiff that it was dissatisfied with the quality of the merchandise or wished to raise a claim in setoff (Bangor Clothing Co. v. Superior Sportswear Corp., 22 A D 2d 864, affd. 16 N Y 2d 1018; Uniform Commercial Code, § 2–607, subd. [3], par. [a]). There being no bona fide triable issue presented as to the cause of action set forth in the complaint, plaintiff is entitled to summary judgment in full. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.