■ THOMAS CARHUFF, Respondent, v BARNETT'S BAKE SHOP, INC., et al., Respondents, and EVELYN SKLAR et al., Appellants.—In a special proceeding pursuant to CPLR 5225 (subd [b]), the appeal is from an order of the Supreme Court, Rockland County, dated February 5, 1976, which directed that a hearing be held concerning the transfer to appellants of certain notes. Order affirmed, with $50 costs and disbursements. Appellants' contentions, that the petitioner abandoned his rights under the order appealed from and that he filed defective notices for an examination before trial, are founded upon matter not properly within the present record. Matters dehors the record are not to be considered on an appeal (see *American Ind. Contr. Co. v Travelers Ind. Co.,* 54 AD2d 679). The other arguments raised by appellants have been considered and found to be without merit. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ FLOR CRUZ, Appellant, v LORENZO REGISTER et al., Defendants, and PREMIUM TRADING CORPORATION, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered February 24, 1976, as is in favor of defendant Premium Trading Corporation and against him, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment affirmed insofar as appealed from, with costs. In our opinion plaintiff's case against respondent was based upon multiple layers of speculation as to causation, notice and control. Further, as to the alleged rear exit violation, we note that there was a second (metal door) exit and that, in any event, as the size of the garage was 25 feet by 75 feet, it cannot be said that there was "No point * * * more than 100 feet from an exit" (see Administrative Code of City of New York, § C26-709.8, subd [a]). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.