■ JOSEPH P. McGINNIS, Respondent, v SHERIFF OF WEST-CHESTER COUNTY, Appellant.—In an action for the recovery of $10,853.53 which the plaintiff alleges was collected by the defendant on an execution but which the defendant then failed to forward to the plaintiff, the defendant appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered August 14, 1985, which granted the plaintiff's motion to restore the case to the calendar and denied the defendant's cross motion to dismiss the complaint due to the plaintiff's failure to file a notice of claim pursuant to General Municipal Law § 50-e (1) (b).

Order reversed, on the law, with costs, motion denied, cross motion granted, and complaint dismissed.

The issue is whether the plaintiff was required to serve a notice of claim upon the County of Westchester pursuant to General Municipal Law § 50-e. The defendant argues that since the Sheriff's office was abolished in Westchester County and replaced by a Commissioner/Sheriff of Public Safety Services, he is a county employee who must be indemnified (see, Westchester County Administrative Code § 297.31). We agree. Therefore, the plaintiff was required to serve a notice of claim on the county pursuant to General Municipal Law § 50-e (1) (b).

The plaintiff's claim of the unconstitutionality of the abolition of the Sheriff's office is meritless (see, Westchester County Civ. Serv. Employees Assn. v Del Bello, 47 NY2d 886). There is also no basis for a claim of estoppel, which was, in any event

not raised at Special Term *(see, Carhuff v Barnett's Bake Shop,* 54 AD2d 969). Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.