■ ARNOLD MENIS, Individually and as Administrator of the Estate of MARSHA L. MENIS, Deceased, Respondent, v STANLEY Z. RAKSIN, Defendant and Third-Party Plaintiff-Appellant. KANTI RAI et al., Third-Party Defendants-Respondents.—In an action to recover damages for dental malpractice, etc., the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), entered November 1, 1988, as (1) made pretrial evidentiary rulings, and (2) granted the third-party defendants' motion for a severance.

Ordered that the appeal from so much of the order as made pretrial evidentiary rulings is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

No appeal lies from an order adjudicating in advance of trial the admissibility of evidence (CPLR 5701; *Pellegrino v New York City Tr. Auth.,* 141 AD2d 709; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600).

The Supreme Court did not improvidently exercise its discretion in granting the third-party defendants' motion for a severance *(see, Kaufman v Lilly & Co.,* 65 NY2d 449; *Shanley v Callanan Indus.,* 54 NY2d 52). Separate trials will negate any conflict, confusion or prejudice to the parties which might otherwise arise due to the possibility that CPLR 4519, the so-called Dead Man's Statute, will be raised to preclude testimony in the main action but not in the third-party action. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.