■ ALICE CLISSURAS, Appellant, v CONCORD VILLAGE OWNERS INC., et al., Respondents. [650 NYS2d 982] —In an action to recover damages, *inter alia,* for negligence, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated December 5, 1995, as granted the branch of the defendants' motion which was for summary judgment dismissing the first and second causes of action in the complaint and denied the plaintiff's cross motion for leave to enter a default judgment as academic.

Ordered that the order is affirmed insofar as appealed from, with costs.

As a result of the plaintiff's failure to timely serve a bill of particulars, as she was directed to do by an earlier conditional order of preclusion, the conditional order of preclusion became absolute *(see, Stojowski v Fair Oaks Dev. Corp.,* 151 AD2d 661). The plaintiff has failed to offer a reasonable excuse for her default in responding to the defendants' demand, as is necessary to avoid the adverse impact of an order of preclusion *(see, Bender & Bodnar v Nankin,* 186 AD2d 524). Since the order of preclusion prevented her from making a prima facie case with regard to her first and second causes of action, the court properly granted the defendants summary judgment on these causes of action *(see, e.g., Febesh v Elcejay Inn Corp.,* 157 AD2d 102).

The plaintiff's remaining contentions are without merit. Mangano, P. J., O'Brien, Pizzuto and Luciano, JJ., concur.

■ ANN M. CORVINO et al., Respondents, v CINDY A. REESE, Appellant. [650 NYS2d 970] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated December 4, 1995, which, upon, in effect, granting reargument, *inter alia,* vacated a previous order of the same court, dated August 7, 1995, dismissing the complaint, and denied the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in granting reargument and vacating its prior order, since the plaintiffs complied with the requirements of CPLR 203 (b) (5) by mailing the summons and verified complaint to the Suffolk County Sheriff prior to the expiration of the applicable Statute of Limitations *(see, Johnson Matthey Ltd. v Farrell,* 141 AD2d 68; *see also, Sanford v Garvey,* 81 AD2d 748). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.