■ Jacques Celestin et al., Appellants, v Delta International Machinery Corp. et al., Respondents. (And a Third-

Party Action.) [657 NYS2d 995] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a decision of the Supreme Court, Kings County (Cannizzaro, J.H.O.), dated May 10, 1995, (2) from an order of the same court (Huttner, J.), dated October 10, 1995, which, *inter alia,* granted the respective motions by the defendants and the third-party defendant to dismiss the complaint and directed entry of judgment against the plaintiffs, and (3) as limited by their brief, from so much of a judgment of the same court, entered November 17, 1995, as dismissed the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Ojeda v Metropolitan Playhouse,* 120 AD2d 717; *Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

By order dated March 15, 1994, the Supreme Court, *inter alia,* directed the plaintiffs to respond to all outstanding discovery demands within 60 days, and stated that if the plaintiffs failed to respond they would be precluded from giving evidence at the trial of the items for which particulars had not been completed, or the complaint would be stricken. The defendants and the third-party defendant subsequently moved to dismiss the complaint on the ground that the plaintiffs failed to timely comply with the order dated March 15, 1994.

The Supreme Court found, after a hearing, that the plaintiffs failed to timely comply with the order dated March 15, 1994. As a result of the plaintiffs' failure to timely comply with the order, the terms of that order became absolute (*see, St. Agnes Hosp. v Dengler,* 131 AD2d 657). The plaintiffs were thereby unable to prove the essential allegations of their causes of action, "thereby requiring that the * * * [motions to dismiss] be granted unless [the] plaintiff[s] demonstrated both an acceptable excuse for the delay in serving a bill of particulars and the existence of a meritorious cause of action" (*Stojowski v*

*Fair Oaks Dev. Corp.,* 151 AD2d 661; *see also, Clissuras v Concord Vil. Owners,* 233 AD2d 475; *Bender & Bodnar v Nankin,* 186 AD2d 524). Since the plaintiffs failed to demonstrate both an acceptable excuse for the delay and the existence of a meritorious cause of action, the Supreme Court properly dismissed the complaint.

The plaintiffs' remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.