■ YVES MICHAUD et al., Respondents, v CITY OF NEW YORK et al., Defendants, and JAMAICA TOWING, INC., Appellant. [661 NYS2d 1000] —In an action to recover damages for personal injuries, etc., the defendant Jamaica Towing, Inc., appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated December 9, 1996 which denied its motion to dismiss the complaint insofar as asserted against it for the plaintiffs' failure to comply with a conditional order of preclusion.

Ordered that the order is reversed, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The appellant served a demand for a bill of particulars upon the plaintiffs on December 6, 1994. Notwithstanding this demand and three subsequent letters dated August 15, 1995, September 19, 1995, and October 23, 1995, respectively, the plaintiffs failed to serve a bill of particulars. By order dated February 21, 1996, the Supreme Court granted the appellant's

motion to preclude the plaintiffs from offering any evidence at trial relevant to the items for which particulars had been demanded, unless the plaintiffs served a bill of particulars within 30 days of service of copy of the order upon them.

The plaintiffs' attorney acknowledged that he was served with a copy of the order on July 18, 1996. Because no action was taken on behalf of the plaintiffs within the following 30 days, the appellant moved on or about September 11, 1996, to dismiss the complaint. The plaintiffs did not serve their verified bill of particulars on the appellant until October 29, 1996.

As a result of the plaintiffs' failure to timely serve a bill of particulars, as they were directed to do by the conditional order of preclusion, that order became absolute (see, *Clissuras v Concord Vil. Owners,* 233 AD2d 475; *Stojowski v Fair Oaks Dev. Corp.,* 151 AD2d 661). It is well established that in order for the plaintiffs to avoid the adverse impact of an order of preclusion, it is incumbent upon them to demonstrate an excusable default and the existence of a meritorious claim (see, *Felicciardi v Town of Brookhaven,* 205 AD2d 495).

The excuses for the default which were proffered by the plaintiffs' attorney consisted of examples of law office failure, which were clearly unreasonable in this case (see, *First Fed. Sav. & Loan Assn. v 1220 Richmond Rd. Corp.,* 123 AD2d 418; *Schicchi v Green Constr. Corp.,* 100 AD2d 509). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.