■ ROBERT STEWART, an Infant, by His Grandmother and Natural Guardian, SHIRLEY STEVENSON, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and 21ST AVENUE TRANSPORTATION CO., INC., Respondent. [698 NYS2d 874] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered February 11, 1999, as granted the motion of the defendant 21st Avenue Transportation Co., Inc., to vacate so much of a prior order of the same court, dated July 20, 1998, as struck its answer for failing to produce an employee for an examination before trial.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the motion is denied, and so much of the order dated July 20, 1998, as struck the answer of the defendant 21st Avenue Transportation Co., Inc., is reinstated.

As a result of the failure of the defendant 21st Avenue Transportation Co., Inc. (hereinafter 21st Avenue), to produce a witness for a deposition within 30 days of the entry of a conditional order striking its answer, the conditional order became absolute (see, Clissuras v Concord Vil. Owners, 233 AD2d 475; Stojowski v Fair Oaks Dev. Corp., 151 AD2d 661). In order to avoid the adverse impact of the order, therefore, 21st Avenue was required to demonstrate an excusable default and the existence of a meritorious claim (see, Felicciardi v Town of Brookhaven, 205 AD2d 495). While a court may, in its discretion, accept law office failure as a reasonable excuse (see, CPLR 2005; Putney v Pearlman, 203 AD2d 333), a pattern of willful default and neglect should not be excused (see, Roussodimou v Zafiriadis, 238 AD2d 568, 569; see also, Wynne v Wagner, 262 AD2d 556; Rock v Schwartz, 244 AD2d 542).

Here, after 21st Avenue had failed several times to produce a witness for deposition, the court issued a conditional order

striking its answer unless the witness was produced within 30 days of the entry of the order. 21st Avenue failed to produce the witness within the allotted 30 days and then attempted to produce the witness after the order became absolute. Under these circumstances, the Supreme Court improvidently exercised its discretion when it granted the motion to vacate. O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.