■ ROCCO PRIVITERA, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. (And a Third-Party Action.) [716 NYS2d 101] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 11, 1999, as granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) from an order of the same court, dated December 13, 1999, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order dated December 13, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 11, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff failed to raise a triable issue of fact in opposition to the prima facie showing by the defendant New York City Transit Authority that it did not create the condition that caused the accident (*see, Blakeney v City of New York,* 222 AD2d 390). He also failed to rebut the prima facie showing by the defendant City of New York that it did not have prior written notice of the alleged defect (*see, Jones v Town of Brookhaven,* 227 AD2d 530). Thus, the Supreme Court properly granted the respondents' motions for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's motion, denominated as one for reargument and renewal, was based on an affidavit by an engineer who had been engaged by the plaintiff before the respondents filed their original motions. Thus, the expert's opinion was known and available to the plaintiff at the time of the original motions. The plaintiff claims that he did not timely submit the expert's affidavit because it was not until the Supreme Court

granted summary judgment to the respondents that he realized the expert's affidavit would be required. This contention is without merit (*see, Bossio v Fiorillo,* 222 AD2d 476). Therefore, the plaintiff's motion was, in effect, for reargument, the denial of which is not appealable (*see, 470 Owners Corp. v Richard L. Heimer, P.E., P. C.,* 258 AD2d 558).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.