■ Holly Jenkinson et al., Appellants, v Charles Naccarato, Respondent. [730 NYS2d 244] —In an action to recover damages, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated June 16, 2000, which granted the defendant's motion for a final order of preclusion and dismissal of the complaint, and (2) an order of the same court, dated October 17, 2000, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated October 17, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 16, 2000, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

As a result of the plaintiffs' failure to fully comply with a

conditional order of preclusion dated May 17, 1999, that conditional order became absolute (*see, Stewart v City of New York,* 266 AD2d 452; *Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415; *Askenazi v Hymil Mfg. Co.,* 263 AD2d 443). To avoid the adverse impact of the conditional order of preclusion, the plaintiffs were required to either comply with the order or to demonstrate an excusable default and a meritorious claim (*see, Mann v Dachel,* 210 AD2d 461, 462; *Felicciardi v Town of Brookhaven,* 205 AD2d 495, 496). The plaintiffs did neither. Since the order of preclusion prevented them from making a prima facie case, the Supreme Court properly dismissed the complaint (*see, Michaud v City of New York,* 242 AD2d 369; *Celestin v Delta Intl. Mach. Corp.,* 239 AD2d 309; *Clissuras v Concord Vil. Owners,* 233 AD2d 475).

The plaintiffs' motion, denominated as one for reargument and renewal, was based on the affidavit of the plaintiff Holly Jenkinson explaining why she had not complied with the defendant's notice to produce and the conditional order of preclusion. The plaintiffs did not give a reasonable explanation for their failure to provide this affidavit on the original motion. Therefore, the plaintiffs' motion was in effect, for reargument, the denial of which is not appealable (*see, Baciu v City Univ.,* 283 AD2d 447; *Muro v Bay Ready Mix & Supplies,* 282 AD2d 584; *Privitera v City of New York,* 277 AD2d 367). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.