■ GEORGE LOPEZ et al., Respondents, v CITY OF NEW YORK et al., Defendants, and ULRIK HOLDING, LTD., et al., Appellants. [768 NYS2d 621]—

In an action, inter alia, to recover damages for personal injuries, the defendants Ulrik Holding, Ltd., Hellman Management, Marvin Hellman, and Rozman Realty Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated November 12, 2002, as granted that branch of the plaintiffs' motion which was, in effect, to vacate an order of the same court (M. Garson, J.), dated April 2, 2002, granting, without opposition, their motion to unconditionally preclude the plaintiffs from offering evidence of damages at trial, and dismissing the action, and thereupon, reinstated the action against them.

Ordered that the order dated November 12, 2002, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was, in effect, to vacate the order dated April 2, 2002, is denied, the complaint insofar as asserted against the appellants is dismissed, and the action against the remaining defendants is severed.

The plaintiffs failed to comply with a conditional order of preclusion dated October 10, 2001. As a result, the conditional order became absolute (*see Correa v Tscherne*, 296 AD2d 476 [2002]; *Jenkinson v Naccarato*, 286 AD2d 420 [2001]). The appellants' subsequent motion for an unconditional order of preclusion, therefore, was unnecessary. Nevertheless, the Supreme Court granted the motion without opposition by the plaintiffs and dismissed the action. The plaintiffs subsequently moved, inter alia, in effect, to vacate their default in opposing the appellants' motion.

To succeed on that branch of their motion which was, in effect, to vacate their default in opposing the appellants' motion, the plaintiffs were required to demonstrate both a reasonable excuse for their default and the existence of a meritorious cause of action (*see Correa v Tscherne, supra; Jenkinson v Naccarato, supra*). They failed to demonstrate a reasonable excuse for their failure to comply with the conditional order (*see Correa v Tscherne, supra; Jenkinson v Naccarato, supra*) and their failure to oppose the appellants' motion (*see Engel v Lichterman,* 62 NY2d 943 [1984]). Consequently, their default should not have been vacated. Their contention that the appellants' attorney agreed to reinstatement of the action rests on matter dehors the record and may not be considered on this appeal (*see Credit-Based Asset Servicing & Securitization v Chaudry,* 304 AD2d 708 [2003]). Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.