■ DEONARINE RAMNARAIN, Respondent, v CHANDRADAT RAMNARAIN, Appellant, et al., Defendant. [776 NYS2d 498]—

In an action, inter alia, to partition real property, the defendant Chandradat Ramnarain appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated January 13, 2004, which granted the plaintiff's motion for a preliminary injunction enjoining the sale of the subject real property at public auction and to reinstate the parties' stipulation of settlement.

Ordered that the notice of appeal from a decision dated December 4, 2003, is deemed a premature notice of appeal from

the order dated January 13, 2004 (*see* CPLR 5520 [e]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On June 26, 2002, the parties entered into a stipulation of settlement in open court, whereby it was agreed that the plaintiff would buy out the appellant's interest in the subject real property and that closing would take place within 75 days of the date of the stipulation, and no later than September 10, 2002. The stipulation further provided that if the plaintiff was unable to close by that day or within a reasonable time thereafter, the subject property would be sold at public auction. It is undisputed that the plaintiff failed to close on the subject real property within the period of time specified in the stipulation. In addition, the plaintiff took no further action with regard to this matter until more than 16 months later, after the Supreme Court ordered the sale of the subject real property at public auction and appointed a referee for the purpose of directing the sale of the property.

Stipulations of settlement, particularly "open court" stipulations, are favored by the courts and are not lightly cast aside (*Hallock v State of New York,* 64 NY2d 224, 230 [1984]). Only where there is sufficient cause to invalidate a stipulation of settlement, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation (*see Matter of Frutiger,* 29 NY2d 143, 149-150 [1971]). In this case, no valid basis exists to set aside the stipulation of settlement. Furthermore, under the facts and circumstances of this case, the stipulation required that the property be sold at public auction. Therefore, the Supreme Court erred in granting the plaintiff's motion to enjoin the sale of the subject real property.

We have not considered the claims raised by the plaintiff on appeal which are based on matter dehors the record (*see Carhuff v Barnett's Bake Shop,* 54 AD2d 969 [1976]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.