■ SHELLI ECHEVARRIA et al., Respondents, v PATHMARK STORES, INC., Appellant. [776 NYS2d 902]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated April 21, 2003, which, in effect, denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion to vacate an

order of the same court dated September 9, 2002, conditionally granting its motion to preclude the introduction of certain evidence at trial upon the plaintiffs' default in opposing that motion.

Ordered that the order dated April 21, 2003, is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the order dated September 9, 2002, is reinstated, and the complaint is dismissed.

As a result of the plaintiffs' failure to comply within 45 days with the conditional order of preclusion dated September 9, 2002, it became absolute (*see Clissuras v Concord Vil. Owners,* 233 AD2d 475 [1996]). To avoid the adverse impact of the order, therefore, the plaintiffs were required to demonstrate a reasonable excuse for their default and the existence of a meritorious claim (*see Stewart v City of New York,* 266 AD2d 452 [1999]). The plaintiffs failed to submit an affidavit of merit or otherwise establish the merit of their claims. In addition, the plaintiffs failed to establish a reasonable excuse for their default in opposing the motion to preclude. Accordingly, the plaintiffs failed to satisfy the applicable standard for vacating their default. The various contentions advanced in their respondents' brief are without merit or are based upon matter dehors the record (*see Carhuff v Barnett's Bake Shop,* 54 AD2d 969 [1976]).

Further, since the order of preclusion prevents the plaintiffs from making a prima facie case, the Supreme Court should also have granted the defendant's motion for summary judgment and dismissed the complaint (*see Clissuras v Concord Vil. Owners, supra*). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.