■ THOMAS D'ALOISI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. (And Related Actions.) [776 NYS2d 901]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated August 6, 2003, which granted that branch of the motion of the defendant City of New York which was to extend its time to comply with an order of the same court dated March 14, 2003, and denied his cross motion, in effect, to strike the answer of the defendant City of New York.

Ordered that the order dated August 6, 2003, is reversed, on the law and as a matter of discretion, with costs, that branch of the motion which was to extend the time of the defendant City of New York to comply with the order dated March 14, 2003, is denied, the cross motion is granted, and the answer of the defendant City of New York is stricken.

As a result of the failure of the defendant City of New York to timely comply with an order dated March 14, 2003, which granted the plaintiff's motion to strike its answer unless it complied with discovery demands, the conditional order became absolute (see *Stewart v City of New York,* 266 AD2d 452 [1999]). To avoid the adverse impact of the order, therefore, the City was required to demonstrate a reasonable excuse for its default and a meritorious defense to the complaint (see *Stewart v City of New York, supra*). The City failed to do so. Accordingly, the Supreme Court improvidently exercised its discretion in granting the City's motion and denying the plaintiff's cross motion. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.