■ KATHLEEN CAFARO et al., Appellants-Respondents, v EMERGENCY SERVICES HOLDING, INC., Respondent-Appellant. [782 NYS2d 806]—

In an action to recover damages for fraud and breach of contract and to recover payments due on a promissory note, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated February 24, 2004, as denied those branches of their motion which were (a) to strike the defendant's first counterclaim for failure to comply with a conditional order of preclusion, or, in the alternative, for summary judgment dismissing that counterclaim, (b) to dismiss the defendant's affirmative defense, (c) for leave to file and serve an amended complaint adding the defendant's president as a party defendant, and (d) for leave to conduct discovery after the filing of the note of issue, and the defendant cross-appeals from so much of the same order as granted that branch of the plaintiffs' motion which was to strike its second counterclaim.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were for summary judgment dismissing the first counterclaim and the affirmative defense, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the first counterclaim and the affirmative defense are dismissed.

The individual plaintiffs Kathleen Cafaro and William Cafaro, Sr. (hereinafter the Cafaros), commenced this action to recover sums allegedly owed them by the defendant pursuant to two separate consulting agreements. The corporate plaintiff Cafaro Enterprises, Inc. (hereinafter Enterprises), sought to recover certain amounts allegedly due from the defendant pursuant to a promissory note executed by the defendant in connection with an agreement with Enterprises to sell its assets and product line to the defendant (hereinafter the asset purchase agreement). The defendant interposed an affirmative defense and a first counterclaim, both asserting that Enterprises breached the asset purchase agreement, and a second counterclaim asserting that the Cafaros fraudulently misrepresented the nature and extent of problems with the product line being sold. By order

dated June 10, 2003, the Supreme Court, as a sanction for the defendant's failure to respond to several interrogatories, conditionally precluded it from adducing evidence as to the alleged misrepresentations and certain damages asserted in its counterclaims, unless it provided adequate responses by a date certain. When the defendant did not provide any responses, the plaintiffs moved to strike both counterclaims and the affirmative defense or, in the alternative, for summary judgment dismissing the counterclaims, and dismissal of the affirmative defense on the merits. The plaintiffs also moved, inter alia, for leave to add the defendant's president as a defendant, for leave to amend their complaint to assert a tortious interference claim against him, and for leave to conduct discovery addressed to that claim after the filing of the note of issue.

The Supreme Court dismissed the defendant's second counterclaim, but declined to dismiss the affirmative defense or the first counterclaim. It denied that branch of the plaintiffs' motion which was for leave to amend their complaint to add the defendant's president as a party and to assert a claim against him, and also denied further discovery addressed to that claim.

"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who has refused to obey an order or wilfully fails to disclose information which should be disclosed is a matter within the discretion of the court . . . Absent an improvident exercise of discretion, a determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed" (*Jaffe v Hubbard,* 299 AD2d 395, 396 [2002]; *see Riley v ISS Intl. Serv. Sys.,* 304 AD2d 637 [2003]; *Nicoletti v Ozram Transp.,* 286 AD2d 719 [2001]; *Pearl v Pearl,* 266 AD2d 366 [1999]; *DeJulio v Wulf,* 260 AD2d 425 [1999]; *Brady v County of Nassau,* 234 AD2d 408 [1996]). The Supreme Court acted well within its discretion in striking the defendant's second counterclaim and declining to strike either the defendant's affirmative defense or its first counterclaim, insofar as that sanction was sought and imposed for the defendant's willful failure to meaningfully address the plaintiffs' discovery requests (*see Kihl v Pfeffer,* 94 NY2d 118, 123 [1999]; *International Consulting Servs. v Kiss,* 5 AD3d 734 [2004]; *Riley v ISS Intl. Serv. Sys., supra; Decavallas v Pappantoniou,* 300 AD2d 617 [2002]; *Gomez v Gateway Demolition Corp.,* 293 AD2d 649 [2002]).

The conditional order of preclusion became absolute upon the defendant's failure to comply with its terms (*see Echevarria v Pathmark Stores,* 7 AD3d 750 [2004]; *Marrone v Orson Holding Corp.,* 302 AD2d 371 [2003]; *Michaud v City of New York,* 242

AD2d 369, 370 [1997]; *Clissuras v Concord Vil. Owners,* 233 AD2d 475 [1996]). Since the order of preclusion prevented the defendant from making a prima facie case with respect to its second counterclaim, that counterclaim was properly dismissed (*see Echevarria v Pathmark Stores, supra; Jenkinson v Naccarato,* 286 AD2d 420, 421 [2001]; *Celestin v Delta Intl. Mach. Corp.,* 239 AD2d 309, 310-311 [1997]; *Clissuras v Concord Vil. Owners, supra; see also Cayuga Partners v 150 Grand,* 305 AD2d 527, 528 [2003]; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461 [1982]). Contrary to the plaintiffs' contention, however, the order of preclusion did not prevent the defendant from stating a cause of action to recover damages for breach of contract, on the theory that Enterprises tendered nonconforming goods, because evidence supporting both the proof of breach and valuation of damages was independent of the precluded evidence (*see* UCC 2-714 [2]).

The Supreme Court nonetheless erred in denying that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaim asserting breach of contract. The plaintiffs established their entitlement to judgment as a matter of law by demonstrating that the defendant first notified them that the products were defective more than 16 months after discovery of the alleged defect and that the notification was thus untimely as a matter of law (*see* UCC 2-607 [3] [a]; 2-714 [2]; *B/R Sales Co. v Krantor Corp.,* 226 AD2d 328 [1996]; *S & H Bldg. Material Corp. v Riven,* 176 AD2d 715 [1991]; *Tabor v Logan,* 114 AD2d 894 [1985]; *G. & D. Poultry Farms v Long Is. Butter & Egg Co.,* 33 AD2d 685 [1969]; *Bangor Clothing Co. v Superior Sportswear Corp.,* 22 AD2d 864 [1964], *affd* 16 NY2d 1018 [1965]). The defendant failed to raise a triable issue of fact in opposition, and thus was barred from pursuing any remedy for the alleged breach. Moreover, by the terms of the asset purchase agreement, the defendant waived its right to seek reimbursement from Enterprises for certain refunds the defendant gave to customers arising from customers' product defect claims.

That branch of the plaintiffs' motion which was for leave to amend the complaint to add a cause of action to recover damages for tortious interference and to add the defendant's president as a defendant was properly denied for lack of merit (*see Beecher v Feldstein,* 8 AD3d 597 [2004]; *Murray v Carroll,* 6 AD3d 509 [2004]; *Hansen & Co. v Everlast World's Boxing Headquarters Corp.,* 296 AD2d 103, 109-110 [2002]; *Hoag v Chancellor, Inc.,* 246 AD2d 224, 229-230 [1998]).

The parties' remaining contentions either are academic or

without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.