NICHOLAS LEWIN et al., Appellants, v COUNTY OF SUFFOLK, Respondent. [795 NYS2d 659]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Catterson, J.), dated October 6, 2003, which, after a hearing, precluded them from offering the testimony of their expert witnesses at trial, and (2) a judgment of the same court (Doyle, J.), entered December 30, 2003, which, upon the order, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

No appeal lies from an order adjudicating in advance of trial the admissibility of evidence (*see* CPLR 5701; *Lewin v County of Suffolk,* 293 AD2d 453 [2002]; *Menis v Raksin,* 154 AD2d 357, 358 [1989]). Moreover, the appeal from an intermediate order must be dismissed after the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised with respect to the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs failed to meet their burden at a *Frye* hearing (*Frye v United States,* 293 F 1013 [1923]) of establishing that their theory of causation is generally accepted in the medical and scientific community (*see Parker v Mobil Oil Corp.,* 16 AD3d 648 [2005]; *Pauling v Orentreich Med. Group,* 14 AD3d 357 [2005], *lv denied* 4 NY3d 710 [2005]; *Saulpaugh v Krafte,* 5 AD3d 934 [2004]; *Lara v New York City Health & Hosps. Corp.,* 305 AD2d 106 [2003]; *see generally People v Wesley,* 83 NY2d 417 [1994]; *cf. Boyles by Boyles v American Cyanamid Co.,* 796 F Supp 704 [1992]). The plaintiffs' experts conceded that no scientific organization or national board has expressly recognized a causal relationship between in utero exposure to the pesticide Malathion and birth defects, and the peer-reviewed scientific articles and textbooks relied upon by the plaintiffs' experts did not establish the existence of such a relationship (*see Boyles by Boyles v American Cyanamid Co., supra; Rink v Cheminova, Inc.,* 203 FRD 648, 661 n 10 [2001]). Rather, the methodology employed by the plaintiffs' experts in correlating such exposure to the occurrence of birth defects was fundamentally speculative (*see Boyles by Boyles v American Cyanamid Co., supra* at 708). Accordingly, the Supreme Court properly precluded the plaintiffs' experts from testifying (*see Pauling v Orentreich Med. Group, supra; Lara v New York City Health & Hosps. Corp., supra*). The Supreme Court also properly granted judgment to the defendant dismissing the complaint because, in the absence of expert testimony on the issue of causation, the plaintiffs were unable to establish a prima facie case (*see Cafaro v Emergency Servs. Holding, Inc.,* 11 AD3d 496, 498-499 [2004]; *Echevarria v Pathmark Stores, Inc.,* 7 AD3d 750, 751 [2004]; *Jenkinson v Naccarato,* 286 AD2d 420, 421 [2001]; *Celestin v Delta Intl. Mach. Corp.,* 239 AD2d 309, 310-311 [1997]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.