DIANE ZASLOWSKY et al., Appellants, v J.M. DENNIS CONSTRUCTION COMPANY CORP., et al., Respondents. [810 NYS2d 484]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 25, 2004, which granted the motion of the defendant J.M. Dennis Construction Company Corp., and the separate motion of the defendants Pomarc Associates, Inc., and Michael Delmonaco, for summary judgment

dismissing the complaint insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff Diane Zaslowsky (hereinafter the plaintiff) allegedly was injured when she was exposed outdoors to natural gas caused by the rupture of an underground gas line. The plaintiff and her husband commenced this action against the defendants J.M. Dennis Construction Company Corp. (hereinafter J.M.), Pomarc Associates, Inc. (hereinafter Pomarc), and Michael Delmonaco alleging, inter alia, that they negligently punctured the gas line, exposing her to natural gas and causing her to suffer neurocognitive dysfunction, asthma, respiratory problems, and post-traumatic stress disorder. J.M. moved, and Pomarc and Delmonaco separately moved, for summary judgment dismissing the complaint insofar as asserted against them on the ground that there was no causal connection between the gas leak and the plaintiff's injuries. The plaintiffs cross-moved for summary judgment on the issue of liability on the ground that the defendants violated 16 NYCRR 753-3.6 and 753-3.8 by excavating in an area where there was an underground gas line. The Supreme Court granted the motions and denied the cross motion. We affirm.

To establish a relationship between an individual's illness and a toxin suspected of causing that illness, a plaintiff must establish: (1) her level of exposure to the toxin, (2) that the toxin is capable of causing the alleged illness and the level of exposure to the toxin that will engender that illness, and (3) the "probability that the toxin caused" her injuries (*see Parker v Mobil Oil Corp.*, 16 AD3d 648, 651 [2005], *lv granted* 6 NY3d 702 [2005]; *see also Amorgianos v National R.R. Passenger Corp.*, 303 F3d 256, 268 [2002]; *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F3d 1124 [1995]; *Wills v Amerada Hess Corp.*, 2002 WL 140542, 2002 US Dist. LEXIS 1546; *Castellow v Chevron USA*, 97 F Supp 2d 780 [2000]; *Frias v Atlantic Richfield Co.*, 104 SW3d 925, 928 [Texas 2003]). The third prong necessitates evaluating and "weighing the possibility of other causes" of the plaintiff's illness (*Parker v Mobil Oil Corp.*, *supra* at 651). This three-step process is a methodology that is scientifically reliable and recommended by the World Health Organization and the National Academy of Sciences for establishing a causal connection between an individual's illness and a toxin believed to have caused that illness (*see Parker v Mobil Oil Corp.*, *supra* at 651).

The defendants established their prima facie entitlement to

judgment as a matter of law by producing expert evidence based on a scientifically-reliable methodology that there was no causal connection between the November 3, 2000, gas leak and the plaintiff's injuries (*see Parker v Mobil Oil Corp.*, *supra* at 654; *Lewin v County of Suffolk*, 18 AD3d 621, 622 [2005]). The burden then shifted to the plaintiffs to raise a triable issue of fact as to causation (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967 [1988]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In support of their contention that the gas leak caused the plaintiff's health-related problems, the plaintiffs submitted the expert testimony of three witnesses. None of these three expert witnesses was able to "articulate[ ] with any specificity the level of [natural gas] to which the plaintiff was exposed" (*Parker v Mobil Oil Corp.*, *supra* at 652). Having failed to quantify the level of exposure, the plaintiffs are unable to raise a triable issue of fact as to the causal connection between the gas leak and her alleged injuries (*see Parker v Mobil Oil Corp.*, *supra*; *Lewin v County of Suffolk*, *supra*). Nor have the plaintiffs raised a triable issue of fact that the plaintiff's injuries were caused by the gas leak through some other scientifically-reliable methodology (*see Frye v United States*, 293 F 1013 [1923]). Accordingly, the Supreme Court correctly granted the motions for summary judgment, and denied the cross motion.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.