G.D. Van Wagenen Financial Services, Inc., as Subrogee of Lakeland Bank, Respondent, v Michael Sichel et al., Defendants, and Government Employees Insurance Company, Appellant. [841 NYS2d 790]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant Government Employees Insurance Company appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 22, 2006, which denied its motion to dismiss the complaint insofar as asserted against it for failure to comply with a 60-day conditional order of preclusion.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Government Employees Insurance Company to dismiss the complaint insofar as asserted against it is granted.

As a result of the plaintiff's failure to timely comply with a

60-day conditional order of preclusion, which was served with notice of entry on May 1, 2006, that conditional order became absolute (*see Lee v Arellano*, 18 AD3d 620, 621 [2005]; *Baturov v Marchewka*, 10 AD3d 345 [2004]; *Jenkinson v Naccarato*, 286 AD2d 420, 420-421 [2001]). To be relieved of the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate a reasonable excuse for its failure to comply with the order and the existence of a meritorious cause of action (*see Unger v Dover Union Free School Dist.*, 303 AD2d 677 [2003]; *Goldsmith Motors Corp. v Chemical Bank*, 300 AD2d 440, 441 [2002]; *Jenkinson v Naccarato*, 286 AD2d at 421). The plaintiff failed to provide a reasonable excuse for its default (*see Deygoo v Eastern Abstract Corp.*, 204 AD2d 596 [1994]) and failed to demonstrate a meritorious cause of action (*cf. State Farm Mut. Auto. Ins. Co. v Rodriguez*, 12 AD3d 662, 663 [2004]). Since the final order of preclusion prevented the plaintiff from making a prima facie case against the appellant, the appellant's motion to dismiss the complaint insofar as asserted against it should have been granted (*see Jenkinson v Naccarato*, 286 AD2d at 421; *Michaud v City of New York*, 242 AD2d 369 [1997]; *Celestin v Delta Intl. Mach. Corp.*, 239 AD2d 309 [1997]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.