■ ANJANIE RAGUBIR et al., Appellants, v 44 COURT STREET, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. LITTLE FLOWER CHILDREN'S SERVICES OF NEW YORK, Third-Party Defendant-Respondent. [875 NYS2d 255]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated September 20, 2006, which denied their motion to vacate a judgment of the same court entered August 17, 2006, which, inter alia, was in favor of the defendants and against them dismissing the complaint with prejudice, and to impose costs and sanctions upon the third-party defendant pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' assertion, they failed to comply with a conditional order of dismissal dated February 23, 2006, which was based upon their failure, among other things, to provide records from their neuropsychiatric expert, which were not shown to be unavailable (*cf. Brennan v McCarthy*, 255 AD2d 477 [1998]). Upon the plaintiffs' failure to comply with the conditional order of dismissal, that order became absolute (*see Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]), providing the Supreme Court with a basis upon which to enter judgment against the plaintiffs dismissing the complaint with prejudice. To avoid the adverse impact of that order and the judgment entered thereon, the plaintiffs were required to demonstrate a reasonable excuse for their default in providing the records and the existence of a meritorious claim (*see Echevarria v Pathmark Stores, Inc.*, 7 AD3d at 751; *Cenzano v Cenzano*, 250 AD2d 568 [1998]). However, the plaintiffs failed to proffer a reasonable excuse for their failure to comply with the conditional order, or for their repeated failure to comply with other orders directing discovery and to appear for scheduled conferences (*see Clarke v United Parcel Serv.*, 300 AD2d 614, 615 [2002]; *Ranfort v Peak Tours*, 250 AD2d 747 [1998]; *Cenzano v Cenzano*, 250 AD2d 568 [1998]; *Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co.*, 97 AD2d 462 [1983]). Moreover, the plaintiffs failed to establish a meritorious cause of action. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate the judgment dismissing the complaint with prejudice.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Belen, JJ., concur.