■ Saverio C. Pugliese, Respondent-Appellant, v Ben Mondello, Also Known as Ben R. Mondello, Jr., Appellant-Respondent. [891 NYS2d 414]—

In an action, inter alia, to recover damages for breach of an oral partnership agreement, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered January 22, 2009, as conditionally granted the plaintiff's motion pursuant to CPLR 3126 to strike his answer unless he furnished the plaintiff with certain documents on or before a date certain, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as conditioned the striking of the answer upon the defendant's failure to furnish him with the documents by that date, and (2) the plaintiff separately appeals from an order of the same court entered February 25, 2009, which denied his motion, in effect, to strike the defendant's answer for failure to comply with the conditional order entered January 22, 2009.

Ordered that the order entered January 22, 2009 is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 25, 2009 is reversed, on the law, and the motion, in effect, to strike the defendant's answer is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in granting a conditional order striking the answer unless the defendant furnished the plaintiff with certain documents by a date certain (*see* CPLR 3126; *Mendez v City of New York,* 7 AD3d 766, 767 [2004]; *Byrne v City of New York,* 301 AD2d 489, 490 [2003]). As a result of the failure of the defendant to timely comply with the conditional order, the conditional order became absolute (*see D'Aloisi v City of New York,* 7 AD3d 750 [2004]; *Stewart v City of New York,* 266 AD2d 452 [1999]). To avoid the adverse impact resulting from the conditional order becoming absolute, therefore, the defendant was required to demonstrate a reasonable excuse for his default in complying with the terms of the conditional order and a meritorious defense to the complaint (*see Stewart v City of New York,* 266 AD2d 452 [1999]). The defendant failed to do so. Accordingly, the Supreme Court erred in denying the plaintiff's motion, in effect, to strike the answer upon the defendant's failure to comply with the conditional order.

The defendant's contention that the Supreme Court erred in directing him, in the first instance, to disclose his 2005 and 2006 personal income tax returns is raised for the first time on appeal and, therefore, is not properly before this Court (*see Matter of State of New York v Humberto G.,* 65 AD3d 690 [2009]; *Matter of Bart v Miller,* 302 AD2d 379 [2003]; *Sandoval v Juodzevich,* 293 AD2d 595 [2002]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.