■ ESTATE OF CHARLIE ALSTON, Respondent, v RAYMI VICTORIA RAMSEUR, Appellant. [998 NYS2d 669]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered June 21, 2013, which granted the plaintiff's motion pursuant to CPLR 3126 to strike her answer for failure to comply with , among other things, an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 5, 2012, and to set the matter down for a hearing on the assessment of damages.

Ordered that the order entered June 21, 2013, is affirmed, with costs.

In an order dated April 5, 2012 (hereinafter the conditional order), the Supreme Court, Kings County, directed that the defendant's answer "shall be stricken unless" she appeared for a deposition on or before May 5, 2012. It is undisputed that the defendant failed to comply with the conditional order. In March 2013, the venue of this action was changed from Kings County to Queens County. The Supreme Court, Queens County, granted the plaintiff's motion to strike the defendant's answer for failure to comply with, inter alia, the conditional order, and to set the matter down for a hearing on the assessment of damages.

As a result of the defendant's failure to appear for her deposition on or before May 5, 2012, the conditional order became absolute (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Pugliese v Mondello*, 67 AD3d 880, 881 [2009]; *Baturov*

v Marchewka, 10 AD3d 345 [2004]; *D'Aloisi v City of New York*, 7 AD3d 750 [2004]; *Hall v Penas*, 5 AD3d 549 [2004]). To be relieved of the adverse impact of the conditional order, the defendant was required to demonstrate a reasonable excuse for her failure to appear for a deposition and a potentially meritorious defense (see *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Almonte v Pichardo*, 105 AD3d at 688; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]; *Zouev v City of New York*, 32 AD3d 850 [2006]). The defendant did neither. Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer for her failure to comply with, inter alia, the conditional order, and to set the matter down for a hearing on the assessment of damages. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.