■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v VALENTINA ANIKEYEVA et al., Appellants. [14 NYS3d 458]—In an action, inter alia, for a judgment declaring that the plaintiff has no obligation to pay certain insurance claims, the defendants appeal from a judgment of the Supreme Court, Nassau County (Jaeger, J.), entered June 5, 2013, which, upon an order of the same court dated April 29, 2013, granting the plaintiff's motion pursuant to CPLR 3215 for leave enter a judgment declaring that the plaintiff is not obligated to pay certain insurance claims upon the defendants' default in answering the complaint, declared that the plaintiff is not obligated to pay the subject insurance claims.

Ordered that the judgment is affirmed, with costs.

In a so-ordered stipulation dated November 20, 2012 (hereinafter the conditional order), the Supreme Court directed that the defendants' answer was "conditionally stricken unless" the defendants complied with the plaintiff's discovery demands on or before January 7, 2013. It is undisputed that the defendants failed to comply with the conditional order. The Supreme Court granted the plaintiff's motion to strike the defendants' answer for failure to comply with the conditional order and for leave to enter a default judgment pursuant to CPLR 3215. The court then entered judgment upon the order declaring that the plaintiff was not obligated to pay certain insurance claims submitted to it by the defendants.

As a result of the defendants' failure to comply with the

plaintiff's discovery demands on or before January 7, 2013, the conditional order became absolute (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Estate of Alston v Ramseur*, 124 AD3d 713 [2015]; *Pugliese v Mondello*, 67 AD3d 880, 881 [2009]; *Lee v Arellano*, 18 AD3d 620, 621 [2005]). To avoid the adverse impact resulting from the conditional order becoming absolute, the defendants were required to demonstrate a reasonable excuse for their default in complying with the terms of the conditional order and a meritorious defense to the complaint (*see Estate of Alston v Ramseur*, 124 AD3d 713 [2015]; *Pugliese v Mondello*, 67 AD3d at 881; *Grinage v City of New York*, 45 AD3d 729, 730 [2007]; *Lee v Arellano*, 18 AD3d at 621; *Johnson v Heavy Realty Corp.*, 191 AD2d 538 [1993]; *see also Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]). The defendants did neither. Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment and properly entered judgment upon the order.

The defendants' remaining contentions are without merit. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.