Khan v Old Navy (2018 NY Slip Op 07419)





Khan v Old Navy


2018 NY Slip Op 07419


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-13409
 (Index No. 14577/14)

[*1]Asghar Khan, respondent, 
v
Old Navy, appellant.


McAndrew, Conboy & Prisco, LLP, Melville, NY (Michael J. Prisco of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered November 4, 2016. The order, insofar as appealed from, conditioned the granting of the defendant's motion for summary judgment dismissing the complaint upon the plaintiff's failure to provide an authorization for all medical treatment pertaining to a 2008 accident within seven days after service of the order with notice of entry, and conditionally granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability unless the defendant produced a qualified representative to appear for a deposition within 30 days of the date of the order.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability is denied.
In 2012, the plaintiff allegedly was injured due to the negligence of the defendant when a clothing rack fell on his head in the defendant's store. On June 1, 2016, the parties entered into a stipulation, so-ordered by the Supreme Court, directing the plaintiff, within 21 days of the stipulation, to provide the defendant with authorizations and records pertaining to a prior accident that took place on August 9, 2008, for which, according to previously disclosed medical records, he had filed a workers' compensation claim. The stipulation provided that if the plaintiff failed to comply with this directive, the plaintiff would be precluded from offering evidence or testimony at trial on the issues of liability and damages. The plaintiff failed to comply with this directive.
By notice of motion dated July 6, 2016, the defendant moved for summary judgment dismissing the complaint based on the plaintiff's failure to comply with the so-ordered stipulation, asserting that it was entitled to such relief because the plaintiff was precluded from offering any evidence as to liability and damages. In opposition, the plaintiff submitted an affirmation from his attorney, who stated that the plaintiff "did not file a claim for workers' compensation as a result of" his 2008 accident. The plaintiff cross-moved, inter alia, in effect, for summary judgment on the issue of liability on the ground that the defendant had failed to produce a qualified representative to appear for a deposition.
In the order appealed from, the Supreme Court, inter alia, conditionally granted the defendant's motion for summary judgment dismissing the complaint unless the plaintiff provided [*2]an authorization for all medical treatment pertaining to the 2008 accident within seven days after service of the order with notice of entry, and conditionally granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability unless the defendant produced a qualified representative to appear for a deposition within 30 days of the date of the order. The defendant appeals.
The plaintiff failed to provide the authorizations and records pertaining to his 2008 accident within the time limit set in the so-ordered stipulation dated June 1, 2016. Therefore, the stipulation, which functioned as a conditional order of preclusion, became absolute (see Gilmore v Garvey, 31 AD3d 381; Echevarria v Pathmark Stores, Inc., 7 AD3d 750, 751). To avoid the adverse impact of the stipulation, the plaintiff was required to demonstrate a reasonable excuse for his failure to comply with its terms and a potentially meritorious cause of action (see Panagiotou v Samaritan Vil., Inc., 66 AD3d 979, 979-980; Echevarria v Pathmark Stores, Inc., 7 AD3d at 751). The plaintiff failed to make such a showing. Since the stipulation prevents the plaintiff from establishing a prima facie case, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see Mona & Jack's Clothing, Inc. v Ola, Inc., 133 AD3d 642, 642-643; Vitolo v Suarez, 130 AD3d 610, 611-612), and denied that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability.
The defendant's remaining contentions need not be addressed in light of our determination.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court