■ Robert Selig et al., Appellants, v Pfizer, Inc., Respondent. Diego Padro et al., Appellants, v Pfizer, Inc., Respondent. James Greader et al., Appellants, v Pfizer, Inc., Respondent. [735 NYS2d 549] —Orders and judgments (two papers), Supreme Court, New York County (Louis York, J.), entered September 22, 2000, and order and judgment (one paper), same court (Jane Solomon, J.), entered April 20, 2001, which, in each of the above-captioned actions granted defendant's motion to preclude the testimony of plaintiffs' expert and for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Expert testimony purportedly based on scientific principles or procedures is only admissible after the "principle or procedure has 'gained general acceptance' in its specified field" (*People v Wesley*, 83 NY2d 417, 422, quoting *Frye v United States*, 293 F 1013, 1014). Plaintiffs failed to make such a showing in support of the admissibility of their expert's testimony and, accordingly, defendant's motion to preclude the expert's testimony was properly granted, warranting the grant of summary judgment in defendant's favor in each of the actions.

In the absence of any clinical data supporting their expert's theory that there is a causal link between the use of the drug Viagra and heart attacks in men with preexisting coronary artery disease, it was incumbent upon plaintiffs to set forth other scientific evidence based on accepted principles showing such a causal link. Their expert's showing that Viagra causes a small drop in blood pressure and increase in heart rate was irrelevant in the absence of evidence showing that such changes could contribute to a heart attack in persons with coronary artery disease. The expert's citation of a study showing the deleterious effects of a drug related to Viagra known as milrinone was not relevant where there was no showing that the effect of milrinone was the same as that of Viagra. Indeed, the evidence showed that milrinone, which inhibits phosphodiesterase 3, did not have the same action as Viagra, which primarily inhibits phosphodiesterase 5. Furthermore, the expert's showing that Viagra also had some effect on phosphodiesterase 3 was irrelevant in the absence of any accepted evidence that the effect, which was vastly less than that of milrinone, could contribute to a heart attack.

While plaintiffs' expert's citation, in the Greader action, of a study that indicated that Viagra use might cause deleterious cardiac consequences based on studies of responses in human tissue samples was relevant, it was not sufficient to support a finding that his conclusion that a causal link exists was based on generally accepted principles, where the study relied on failed to conclude that such a link existed, but only that enough evidence was presented to warrant further research.

Finally, plaintiffs' expert's citation of a consensus document of the American Heart Association and the American College of Cardiology showed, at best, support for the conclusion that persons with active coronary ischemia had not been adequately studied prior to marketing of the drug. It did not demonstrate a causal effect between ingestion of the drug and heart attacks in this population. Concur—Williams, J.P., Tom, Rosenberger and Wallach, JJ. [*See* 185 Misc 2d 600.]