■ Brevenick Lara, Appellant, v New York City Health and Hospitals Corporation, Respondent, et al., Defendant. [757 NYS2d 740] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered November 16, 2000, inter alia, dismissing the complaint, after a jury trial, and bringing up for review an order which, in a medical malpractice action, inter alia, granted defendants' in limine *Frye* motion to preclude the testimony of plaintiff's medical expert, unanimously affirmed, without costs.

The infant plaintiff failed to meet his burden of proof at the *Frye* hearing (*Frye v United States*, 293 F 1013 [1923]) held during trial, that his expert's theory is generally accepted in the medical community (*see People v Wesley*, 83 NY2d 417, 422-423, 429, 436 [1994]; *Selig v Pfizer, Inc.*, 290 AD2d 319 [2002], *lv denied* 98 NY2d 603 [2002]) (to wit, that a delivery, which is precipitous but involves no significant bleeding and is otherwise uneventful can cause an infant cerebral palsy which does not begin to manifest itself until some six months after birth). As plaintiff's expert admitted, there are no reported medical cases or formal studies to support his theory. Therefore, the trial court correctly found that the expert "could not point to a reported case and could not point to a medical writing that set forth his theory even in general terms." Since plaintiff's malpractice claim relied solely on a theory, which is neither recognized nor accepted, Supreme Court properly granted defendants' motion to preclude plaintiff's expert's testimony (*see Stanski v Ezersky*, 228 AD2d 311, 312 [1996], *lv denied* 89 NY2d 805 [1996]). Consequently, the court also properly

granted defendants' motion to set aside the jury verdict and properly dismissed the complaint.

In light of the foregoing determination, we need not reach plaintiff's remaining contentions. Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.