BARNEY HOOKS, Appellant, v COURT STREET MEDICAL, P.C., et al., Respondents. [790 NYS2d 679]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Hart, J.), entered

August 14, 2003, as upon granting the separate applications of the defendants Kelly O'Malley and Marte Melegrito to preclude the plaintiff's expert from testifying at trial, is in favor of those defendants and against him, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents Kelly O'Malley and Marte Melegrito.

Following a *Frye* hearing (*see Frye v United States,* 293 F 1013 [1923]; *Marsh v Smyth,* 12 AD3d 307 [2004]), the Supreme Court determined that there was no scientifically reliable basis for the proposed testimony of the plaintiff's expert witness. Therefore, the court properly precluded that witness from testifying that the improper placement of electrodes of an electrical muscle-stimulating unit on the anterior neck of a patient can cause permanent nerve damage. The plaintiff's expert's opinion was based primarily upon the fact that the plaintiff only exhibited symptoms after the alleged malpractice occurred. In addition, the expert could cite to no relevant scientific data or studies showing a causal link between the misuse of an electric muscle-stimulating unit and glossopharyngeal neuralgia, and he could cite to no instance when this type of injury had previously occurred in this manner. As such, the plaintiff's expert's opinion was scientifically unreliable, and, without the ability to prove causation, the complaint was properly dismissed insofar as asserted against the defendants Kelly O'Malley and Marte Melegrito (*see Selig v Pfizer, Inc.,* 290 AD2d 319, 320 [2002]; *Stanski v Ezersky,* 228 AD2d 311, 312 [1996]; *see also Saulpaugh v Krafte,* 5 AD3d 934 [2004], *lv denied* 3 NY3d 610 [2004]).

The court's denial of the plaintiff's request for an adjournment to retain a new expert was a provident exercise of its discretion, as another expert would not have been able to proffer a scientifically reliable and admissible theory of causation.

In light of our determination, we need not address the plaintiff's remaining contentions. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.