■ NAJELA CUMBERBATCH et al., Appellants, v DENNIS BLANCHETTE et al., Respondents. [825 NYS2d 744]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Patterson, J.), dated June 9, 2005, which, after a hearing, granted the defendants' motion to preclude the testimony of the plaintiffs' medical expert, and (2) a judgment of the same court entered July 8, 2005, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

New York courts, applying the *Frye* test (*see Frye v United States*, 293 F 1013 [1923]), permit expert testimony based on scientific principles or procedures only after the principle, procedure, or theory has gained general acceptance in the relevant scientific field (*see Frye v United States, supra; People v Wesley*, 83 NY2d 417, 422 [1994]; *Zito v Zabarsky*, 28 AD3d 42, 44 [2006]). Under the *Frye* standard, the burden of proving general acceptance rests upon the party offering the disputed expert testimony (*see Zito v Zabarsky, supra; Del Maestro v Grecco*, 16 AD3d 364 [2005]; *Saulpaugh v Krafte*, 5 AD3d 934, 935 [2004]; *Lara v New York City Health & Hosps. Corp.*, 305 AD2d 106 [2003]).

The Supreme Court properly concluded that the plaintiffs failed to meet their burden of proving that their expert's theory of causation was generally accepted in the medical community. The plaintiffs' expert could cite to no relevant scientific data or studies to support his causation theory that fetal distress resulting from the compression of the infant plaintiff's head due to labor contractions, augmented by Pitocin, resulted in ischemia, which, in turn, resulted in an infarction, and he could cite to no instance when this type of injury had previously occurred in this manner. Therefore, the plaintiffs' expert's opinion was

scientifically unreliable, and, without the ability to prove causation, the complaint was properly dismissed (*see Del Maestro v Grecco, supra; see also Lewin v County of Suffolk*, 18 AD3d 621, 622 [2005]; *Hooks v Court St. Med., P.C.*, 15 AD3d 544 [2005]; *Saulpaugh v Krafte*, 5 AD3d 934 [2004]; *Lara v New York City Health & Hosps. Corp., supra; cf. Zito v Zabarsky, supra*).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.