■ In the Matter of BRIANNA MONIQUE F., an Infant. MONIQUE F., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [13 NYS3d 33]—

Order of disposition, Family Court, Bronx County (Valerie Pels, J.), entered on or about March 10, 2014, which, upon a fact-finding determination that respondent mother is mentally ill within the meaning of Social Services Law § 384-b and that the child would be in danger of becoming a neglected child if placed in or returned to her care and custody, terminated respondent's parental rights to the child and transferred the care and guardianship of the child to petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The court properly denied respondent's motion for a *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]), since petitioner's expert's opinion did not involve "obviously novel forensic and social science techniques" (*Selig v Pfizer, Inc.*, 185 Misc 2d 600, 606 [Sup Ct, NY County 2000], *affd* 290 AD2d 319 [1st Dept 2002], *lv denied* 98 NY2d 603 [2002]).

Petitioner demonstrated by clear and convincing evidence that respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide adequate care for the child (*see* Social Services Law § 384-b [4] [c]; [6] [a]; [3] [g] [i]).

The court-appointed expert psychologist conducted a thorough, comprehensive, and extensive review of respondent's medical records, agency case records, and court files, and interviewed respondent for more than four hours. She testified that respondent suffered from "[s]chizophrenia residual type with concurrent bipolar disorder, NOS," had a very poor history of compliance with treatment, i.e., taking medication, "over many years," and "a demonstrated history of placing the child in danger when she's experiencing acute symptoms," and that, "[b]ased on an established long-term history of chronic and severe mental illness, it's very likely that the mother . . . will continue to experience symptoms that will impede her parental functioning." The expert concluded, with a reasonable degree of "clinical and professional certainty," that respondent suffered from mental illness to the extent that the child, if returned to her care in the foreseeable future, "would be at risk of becoming a neglected child as defined in Social Services Law § 384-b." Respondent failed to controvert this conclusion. It was not necessary for the expert to observe interaction between respondent and the child before reaching her conclusion (*see Matter of Donovan Jermaine R. [Jamie R.]*, 123 AD3d 593 [1st Dept 2014], *lv denied* 24 NY3d 917 [2015]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.