■ VICTOR Q., JR., an Infant, by His Mother and Natural Guardian, YUSELLE V., et al., Respondents, v BRONX LEBANON HOSPITAL CENTER, Appellant. BRONX LEBANON HOSPITAL CENTER, Third-Party Plaintiff, v RICHARD K. DEVEAUX, M.D., et al., Third-Party Defendants-Appellants. [52 NYS3d 42]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 4, 2016, which, after a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]), denied defendant hospital's motion and third-party defendant doctors' (collectively appellants) motion insofar as they sought to preclude plaintiffs' expert from testifying as to causation, unanimously affirmed, without costs.

In this medical malpractice action, plaintiffs allege that the infant plaintiff suffered brain damage as a result of appellants' failure to diagnose and treat fetal hypoxia-ischemia.

The motion court properly denied the motions to preclude. The articles proffered by plaintiffs were sufficient to establish that it is generally accepted that perinatal hypoxia can be the cause of brain injury, in the absence of evidence of neurological injury in the neonatal period (*see Marso v Novak*, 42 AD3d 377, 378-379 [1st Dept 2007], *lv denied* 12 NY3d 704 [2009]). The articles established that infants who experienced a hypoxic event in the neonatal period but were asymptomatic for neurological injuries might still manifest such injuries later in life. That the infants in these articles exhibited certain manifestations of hypoxia not exhibited by the infant plaintiff is irrevelant (*see Zito v Zabarsky*, 28 AD3d 42, 46 [2d Dept

2006] [literature relied on to establish general acceptance need not involve "circumstances virtually identical to those of the plaintiff"]).

Even if some of the infant plaintiff's symptoms are attributable to his autism, the cause of which is unknown, some of his impairments may also be due to brain damage resulting from hypoxia (*see Bygrave v New York City Hous. Auth.*, 65 AD3d 842, 846-847 [1st Dept 2009]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.