In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered August 22, 2014, which, upon a jury verdict in favor of the defendants on the issue of damages finding that the accident was not a substantial factor in causing her injuries, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her, in effect, dismissing the complaint.
 

 Ordered that the judgment is reversed, on the law, with costs, the plaintiff’s motion in limine to preclude Dr. Alfred Bowles from testifying is granted to the extent of precluding that witness from offering his opinion testimony that the force generated by the subject accident could not have caused the plaintiff’s knee injuries, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages.
 

 On the morning of September 11, 2001, the plaintiff was driving a Ford Taurus east on the Long Island Expressway when she was involved in a multivehicle accident. The accident occurred when a vehicle operated by the defendant Steven Laubach, and owned by the defendant Wheels, Inc. (hereinafter together the defendants), struck a vehicle operated by Scott Ramunni in the rear, propelling it into the rear of the plaintiff’s vehicle. The plaintiff’s vehicle was then propelled into a tow truck in front of her. The plaintiff alleges that the impact of the collision caused her body to lurch forward, and her knees to hit either the steering column or dashboard. The plaintiff subsequently commenced this action against the owners and operators of the other vehicles involved in the accident, including the defendants, alleging that she had suffered serious injuries to both her knees. During the course of the litigation, the plaintiff was awarded summary judgment on the issue of liability against the defendants.
 

 Prior to the commencement of a trial on the issue of damages, the defendants served an expert witness disclosure notice pursuant to CPLR 3101 (d), advising the plaintiff that they intended to call Dr. Alfred Bowles, a biomechanical engineer and board-certified surgeon, who would testify that the force generated by the accident could not have caused any of the plaintiff’s alleged knee injuries, and that those alleged injuries were the result of wear and tear from athletic activities. The expert disclosure notice indicated that the proposed testimony would be based upon Bowles’s review of deposition testimony and the plaintiff’s medical records. The plaintiff moved in lim-ine to preclude Bowles from testifying, arguing that his proposed testimony was speculative and without basis in fact, and that the expert disclosure notice did not make reference to any empirical data that Bowles may have relied upon, or any peer-reviewed journals, studies, treatises, or texts showing that an accident that does not meet a specific severity threshold cannot cause injury. In opposition, the defendants alleged that Bowles’s testimony would be based on scholarly works that were published in the fields of medicine and biomedical engineering, and had gained general acceptance in those fields. In support of this claim, the defendants listed the names of three works, which, according to their titles, involved head, neck, and mandible injuries. The authors, years of publication, and contents of these works were not set forth.
 

 The Supreme Court denied the plaintiff’s motion, and permitted Bowles to testify at the damages trial. Bowles thereafter testified that in his opinion, with a reasonable degree of engineering certainty, the force generated by a low speed rear-end collision that propelled a vehicle into a 2000 Ford Taurus would not have caused the driver of the Ford Taurus to hit her knees against the dashboard. In reaching his conclusion, Bowles relied upon the defendant driver’s deposition testimony that he was driving at a speed of no more than 10 miles per hour at the time of the collision, and the plaintiff’s deposition testimony that she was driving at a speed of 3 to 5 miles per hour. Although Bowles did not know how close the plaintiff’s seat was positioned to the steering wheel and dashboard at the time of the accident, he maintained that moving the seat up would not increase the likelihood of a driver’s knees hitting the dashboard in a rear-end collision. At the conclusion of the damages trial, the jury returned a verdict finding that the accident was not a substantial factor in causing the injuries alleged by the plaintiff. The plaintiff then moved to set aside the verdict as contrary to the weight of the evidence and for a new trial, and the Supreme Court denied the motion. A judgment in favor of the defendants was subsequently entered, and the plaintiff appeals.
 

 “The long-recognized rule of Frye v United States [293 F 1013 (DC Cir 1923)] is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has ‘gained general acceptance’ in its specified field” (Lipschitz v Stein, 65 AD3d 573, 575 [2009], quoting People v Wesley, 83 NY2d 417, 422 [1994], quoting Frye v United States, 293 F at 1014; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 780 [2014]; Parker v Mobil Oil Corp., 7 NY3d 434, 447 [2006]). “[G]eneral acceptance does not necessarily mean that a majority of the scientists involved subscribe to the conclusion. Rather it means that those espousing the theory or opinion have followed generally accepted scientific principles and methodology in evaluating clinical data to reach their conclusions” (Zito v Zabarsky, 28 AD3d 42, 44 [2006] [internal quotation marks omitted]; Ratner v McNeil-PPC, Inc., 91 AD3d 63, 71 [2011] [internal quotation marks omitted]). General acceptance can be demonstrated through scientific or legal writings, judicial opinions, or expert opinions other than that of the proffered expert (see Parker v Mobil Oil Corp., 16 AD3d 648, 650 [2005], affd 7 NY3d 434 [2006]; see also Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 781; Sadek v Wesley, 117 AD3d 193, 200 [2014], affd 27 NY3d 982 [2016]). The burden of proving general acceptance rests upon the party offering the disputed expert testimony (see Ratner v McNeil-PPC, Inc., 91 AD3d at 71; Marso v Novak, 42 AD3d 377, 378 [2007]). “Broad statements of general scientific acceptance, without accompanying support, are insufficient to meet the burden of establishing such acceptance” (Saulpaugh v Krafte, 5 AD3d 934, 935-936 [2004]). Furthermore, even if the proffered expert opinion is based on accepted methods, it must satisfy “the admissibility question applied to all evidence — whether there is a proper foundation — to determine whether the accepted methods were appropriately employed in a particular case” (Parker v Mobil Oil Corp., 7 NY3d at 447).
 

 Here, the defendants did not sustain their burden of establishing that Bowles’s opinion that the force generated by the accident could not have caused the plaintiff’s knee injuries was based on generally accepted principles and methodologies (see Ratner v McNeil-PPC, Inc., 91 AD3d at 71; Lugo v New York City Health & Hasps. Corp., 89 AD3d 42, 57-58 [2011]; Lara v New York City Health & Hosps. Corp., 305 AD2d 106, 106 [2003]), or that there was a proper foundation for the admission of that opinion (see Dulin v Maher, 200 AD2d 707, 708 [1994]). The expert disclosure notice simply stated that Bowles analyzed “the medical and engineering aspects of the accident.” While the defendants cited to three works in opposition to the motion in limine, they did not identify the authors, years of publication, and contents of those works, or any explanation as to their relevance in evaluating the cause of knee injuries. Moreover, the defendants provided no description of the methodology Bowles utilized to determine the force of the accident, and the biomechanical engineering principles he relied upon in reaching his conclusion that the force generated by the accident could not have caused the plaintiff’s knees to come into contact with the vehicle dashboard. Under these circumstances, the Supreme Court should have granted the plaintiff’s motion to the extent of precluding Bowles from offering his opinion testimony that the force generated by the accident could not have caused the plaintiff’s knee injuries (see Saulpaugh v Krafte, 5 AD3d 934 [2004]; cf Valentine v Grossman, 283 AD2d 571 [2001]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Suffolk County, for a new trial on the issue of damages.
 

 The plaintiff’s remaining contentions either are without merit or need not be reached in light of our determination.
 

 Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.