DB v Montefiore Med. Ctr. (2018 NY Slip Op 04283)





DB v Montefiore Med. Ctr.


2018 NY Slip Op 04283


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6840 350479/10 -1462

[*1]DB, an Infant by His Mother and Natural Guardian, Arlene B., Plaintiff-Respondent,
v
Montefiore Medical Center, et al., Defendants-Appellants.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellants.
The Fitzgerald Law Firm, P.C., Yonkers (Mitchell L. Gittin of counsel), for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about January 13, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants argue that plaintiff's theory that his injuries were caused by hypoxia ischemia brought about by intercranial pressure should not be considered, because it was improperly raised for the first time in opposition to their motion. We find that the theory was sufficiently pleaded in the bill of particulars to avoid surprise and prejudice to defendants (compare e.g. Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012] [theory based on placement of screw at spinal level C7 caused no surprise since question of precise placement of screw was identified at depositions], with Biondi v Behrman, 149 AD3d 562, 563-564 [1st Dept 2017] [defendants had no notice of new theory never mentioned in pleadings or at depositions], lv dismissed in part, denied in part 30 NY3d 1012 [2017]). The bill of particulars alleged a hypoxic ischemic injury to the fetus due to, inter alia, the contraindicated use of Pitocin, the failure to accurately estimate fetal size and position and the progress of labor, the failure to prevent injury from trauma during labor and delivery, and the failure to timely perform a cesarean section. While it did not allege specifically that the ischemic injury was caused by the shunting of blood away from the brain due to pressure caused by contractions and resulting from the above alleged deviations, defendants' demand for a bill of particulars did not seek that level of detail (see generally Miccarelli v Fleiss, 219 AD2d 469 [1st Dept 1995]).
Defendants also argue that the intercranial pressure theory should not be considered because it is not recognized or accepted in the medical or scientific community (see Frye v United States, 293 F 1013 [DC Cir 1923]; see also Cumberbatch v Blanchette, 35 AD3d 341 [2d Dept 2006]; Saulpaugh ex rel. Saulpaugh v Krafte, 5 AD3d 934 [3d Dept 2004], lv denied 3 NY3d 610 [2004]). Since defendants raised this argument for the first time in reply, the record before us is not sufficiently developed to permit us to determine whether the medical evidence and expert opinions offered by plaintiff are based on theories of medicine that are generally accepted within the medical community. We note that a motion by defendants for a Frye hearing, made in accordance with the order on appeal, is currently sub judice, and therefore that issue is not before us.
We have considered the parties remaining arguments and find them unavailing.
M-1462 - D.B., an Infant by His Mother and
Natural Guardian Arlene B. v Montefiore Medical Center
Motion to strike portions of
brief denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK