Imran v R. Barany Monuments, Inc. (2018 NY Slip Op 08921)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Imran v R. Barany Monuments, Inc.

2018 NY Slip Op 08921

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-04376
(Index No. 21083/12)

[*1]Halina A. Imran, respondent, 
vR. Barany Monuments, Inc., et al., appellants, et al., defendants.

Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for appellants.
Irwin & Poznanski, LLP (Joshua Brian Irwin and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants R. Barany Monuments, Inc., and Randy R. Barany appeal from an order of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered March 23, 2016. The order granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages in the interest of justice and for a new trial.
ORDERED that the order is affirmed, with costs.
On April 17, 2012, the plaintiff was involved in a four-vehicle collision. At the time of the accident, the plaintiff was a passenger in the front-most vehicle. In the bill of particulars, the plaintiff alleged, inter alia, that she sustained injuries to the cervical and lumbar regions of her spine and both knees as a result of the accident. In an order dated January 7, 2015, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability against the defendants R. Barany Monuments, Inc., and Randy R. Barany (hereinafter together the defendants).
On June 5, 2015, the matter proceeded to a jury trial on the issue of damages against the defendants. During that trial, the defendants presented the testimony of a biomechanical engineering expert, Joseph McGowan. McGowan testified regarding delta-v, which is the change in velocity of a vehicle during a collision. Relying on certain photographs of the vehicle occupied by the plaintiff, a Honda CR-V, and the second front-most vehicle, a Ford Focus, which struck the Honda CR-V, damage repair estimates for both vehicles, and a crash test involving a Honda CR-V, McGowan concluded that the delta-v for the collision between the two vehicles was 5.7 miles per hour. He then utilized different crash tests to determine what happens to occupants in crashes with a similar delta-v. He concluded that the impact from the second front-most vehicle to the vehicle occupied by the plaintiff would not have caused the plaintiff's alleged injuries to the lumbar region of her spine or her knees.
Thereafter, the jury returned a verdict in favor of the defendants on the issue of damages, finding that the plaintiff did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) [*2]as a result of the accident. Subsequently, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial, arguing, inter alia, that McGowan's testimony on causation should have been precluded. The Supreme Court granted the motion, and the defendants appeal.
Under the circumstances of this case, we agree with the Supreme Court's determination to grant the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages (see Dovberg v Lauback, 154 AD3d 810). "An expert's opinion must be based on facts in the record or personally known to the witness'" (Pascocello v Jibone, 161 AD3d 516, 516, quoting Hambsch v New York City Tr. Auth., 63 NY2d 723, 725). Here, a proper foundation was lacking for the admission of McGowan's opinion (see Parker v Mobil Oil Corp., 7 NY3d 434, 447). Among other things, McGowan failed to calculate the force exerted by all four vehicles, the crash test he utilized to determine the delta-v differed in several significant respects from the instant accident, and he reviewed simulations in which the weight of the dummies was not similar to that of the plaintiff.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court