**Caligiuri v A.O. Smith Corp.**

2024 NY Slip Op 30438(U)

February 9, 2024

Supreme Court, New York County

Docket Number: Index No. 190130/2022

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. ADAM SILVERA** | PART **13** |
| *Justice* | |

----------------------------------------------------------------X

MARIO CALIGIURI, SUSAN CALIGIURI,

        Plaintiff,

        - v -

A.O. SMITH CORPORATION, AERCO INTERNATIONAL, INC.,AII ACQUISITION LLC,BAKERS PRIDE OVEN CO., INC.,BAKERS PRIDE OVEN CO. LLC,BMCE INC.,BRYAN STEAM LLC,BURNHAM LLC,CARRIER CORPORATION, CRANE CO., DAV CORPORATION, DAVID FABRICATORS OF NEW YORK, INC.,ECR INTERNATIONAL, INC.,FORT KENT HOLDINGS INC.,FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GREENE, TWEED & CO., INC.,INDUSTRIAL HOLDINGS CORPORATION, INTERNATIONAL COMFORT PRODUCTS LLC,ITT LLC,JOHN CRANE, INC.,KOHLER COMPANY, LENNOX INDUSTRIES, INC.,MORSE TEC LLC,OLYMPIC GLOVE & SAFETY CO., INC.,PARAMOUNT GLOBAL, QCP, INC.,UNION CARBIDE CORPORATION, UTICA BOILERS, INC.,WEIL-MCLAIN INC.,JOHN DOE 1 THROUGH JOHN DOE 75

        Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190130/2022 |
| MOTION DATE | 10/24/2023 |
| MOTION SEQ. NO. | 003 |

**AMENDED
DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 188, 216, 217, 218, 219, 220, 221, 222, 223, 226, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249

were read on this motion to/for                 PRECLUDE             .

        Upon review of the foregoing papers, it is ordered that this court sua sponte amends its Decision/Order dated Jan. 5, 2024 to correct a typo on page 2. The Decision/Order is amended as follows:

        Upon the foregoing documents, it is ordered that the instant motion seeking to preclude plaintiff's causation experts Drs. Jacqueline Moline, Arthur Frank, and David Zhang is denied in accordance with the decision below.

**190130/2022   CALIGIURI, MARIO ET AL vs. A.O. SMITH CORPORATION ET AL**
**Motion No.  003**

**Page 1 of 4**

1 of 4

[* 1]

Here, defendant QCP, Inc. f/k/a Bakers Pride Oven Company, Inc. ("Bakers Pride") seeks to preclude the abovenamed experts on the basis that they employ a cumulative exposure approach and have failed to quantify, with appropriate specificity under *Nemeth v Brenntag N. Am.*, 38 NY3d 336 (2022), the level of exposure to plaintiff Mario Caligiuri from Bakers Pride products and establish that such level causes mesothelioma. Plaintiff opposes, highlighting denials of defendant's similar motions in other cases and the experts' qualifications, and identifying no concrete issues raised by moving defendant regarding the experts' methodologies. Plaintiff also notes that moving defendant offers no expert testimony of their own in this matter.

Expert testimony in New York must meet the *Frye* standard, as articulated by the Court of Appeals in *People v Wesley*. "The long-recognized rule of *Frye v United States*…is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field." *People v Wesley*, 83 NY2d 417, 422 (1994) (citing *Frye v United States*, 293 F. 1013 [D.C. Cir. 1923]).

As to methodology, "[t]he burden of proving general acceptance rests upon the party offering the disputed expert testimony". *Dovberg v Laubach*, 154 A.D. 3d 810, 813 (2nd Dept 2017). Plaintiff has offered evidence herein to establish that all three experts are using a generally accepted methodology and one that has been accepted in many similar cases. *See* Plaintiffs' Memorandum of Law in Opposition to Defendant QCP, Inc.'s Motion to Preclude Plaintiff's Causation Experts, p. 3-8. Contrarily, moving defendant offers no expert opinion to dispute that these methods are not generally scientifically accepted. Moving defendant solely cites to other cases, including notable asbestos causation cases *Parker v Mobil Oil Corp.*, 7 NY3d 434 (2006) and *Nemeth, supra*, in which causation testimony by the experts in those two individual cases were deemed insufficient for those specific matters. Such reliance does not meet

**190130/2022 CALIGIURI, MARIO ET AL vs. A.O. SMITH CORPORATION ET AL**      **Page 2 of 4**
**Motion No. 003**

2 of 4

[* 2]

the burden under *Frye*. In the instant action, plaintiff has provided evidence that the three experts are using methods that are generally acceptable in the scientific community.

Moving defendant's remaining arguments focus on the inadequacy of the experts' causation analysis to prove sufficient levels of exposure from defendant's products to cause illness. These are not arguments that apply to precluding the expert. These are arguments that apply to the weight of the expert's testimony and whether the plaintiff has established their *prima facie* case at the time of trial.

In a footnote in moving defendant's reply papers, defendant argues that "preclusion of plaintiff's experts under *Parker/Nemeth* creates an independent basis for summary judgment." Reply Memorandum of Law in Further Support of Defendant QCP, Inc.'s Motion to Preclude Plaintiffs' Causation Experts, p. 2, fn. 1. However, the instant motion is not one for summary judgment. Were defendant to have made a summary judgment argument on this issue, the appropriate standard for moving defendant would be found in *Dyer v Amchem Products Inc.,* 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* Moving defendant has offered no such affirmative argument here to prove that their products could not have caused the plaintiff's injury, while plaintiffs have offered a conflicting viewpoint supported by multiple experts. The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.,* 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment. Here, plaintiff's experts have met the *Frye* standard sufficient to deny preclusion.

[* 3]

Accordingly, it is

ORDERED that defendant Bakers Pride's motion to preclude plaintiff's experts' testimony is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

__02/09/2024__
DATE

ADAM SILVERA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**190130/2022 CALIGIURI, MARIO ET AL vs. A.O. SMITH CORPORATION ET AL**
**Motion No. 003**

Page 4 of 4

[* 4]