| |
|---|
| **Talbert v C.A.C. Indus., Inc.** |
| 2024 NY Slip Op 33498(U) |
| October 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154468/2017 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ADAM SILVERA**                    PART          40

_Justice_

-------------------------------------------------------------------X

LISBETH E. TALBERT,

INDEX NO.          154468/2017

Plaintiff,

MOTION DATE        05/30/2024

- v -

MOTION SEQ. NO.         006

· C.A.C. INDUSTRIES, INC.,STEVEN J. FOULDS

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 132, 133, 134, 135, 136, 137, 138, 139, 140, 149, 150, 151, 152, 162, 163, 164, 165

were read on this motion to/for                    STRIKE PLEADINGS                    .

Upon the foregoing documents, and after oral arguments, it is ordered that defendants C.A.C. Industries, Inc. and Steven J. Foulds' order to show cause to strike plaintiff's Second Supplemental Bill of Particulars (hereinafter referred to as the "Second BP") dated February 22, 2024, to strike plaintiff's expert disclosures for Dr. Mark McMahon and Dr. Ali Guy, to preclude plaintiff from presenting evidence at trial related to the injuries claimed in the Second BP, to vacate the Note of Issue, and to stay the trial is decided below. Plaintiff opposes and cross-moves to preclude defendants' biomechanical expert and to conduct a _Frye_ hearing. Defendants reply and oppose plaintiff's cross-motion. Plaintiff replies to the cross-motion.

With regards to defendants' order to show cause, they argue that plaintiff's Second BP must be stricken as it was untimely filed and raises a new category of damages not previously claimed. Moving defendants further argue that both of plaintiff's expert disclosures were exchanged on the eve of trial and would be duplicative of the expert treating doctors.

Plaintiff opposes the instant order to show cause arguing that defendants knew of the

**154468/2017   TALBERT, LISBETH E. vs. C.A.C. INDUSTRIES, INC.**
**Motion No. 006**

Page 1 of 5

[* 1]

right shoulder surgery which was claimed in the Second BP as a right shoulder injury was claimed in the first Bill of Particulars. Plaintiff further argues that CPLR §3101(d) does not specify a particular time frame for the expert disclosure. According to plaintiff, such statute states that the disclosures must be made with "appropriate notice", which plaintiff argues was done in this action. Plaintiff argues that the expert disclosures and the reports were sent to defendants expeditiously following the physical examinations done by the two expert doctors. As such, plaintiff contends that there was no willful failure to disclose the experts.

Here, at oral arguments, lengthy discussions were held in an attempt to resolve the instant order to show cause, however, the parties were unable to come to a resolution regarding additional discovery necessary for this action to be trial ready. As a result, the trial date was adjourned and no additional discovery was agreed to, such that no additional discovery has been completed since the filing of the instant Order to Show Cause.

In this action, plaintiff filed the Note of Issue on May 2, 2022. Following the filing of the Note of Issue, which marked this action trial ready, this case was scheduled for three settlement conferences, the last of which was held on December 13, 2023. On such date, a trial date of March 4, 2024 was chosen by the parties. Eleven days before the March 4, 2024 trial date, plaintiff filed the Second BP. Plaintiff's two expert disclosures were served on February 7, 2024 and February 26, 2024. The Court notes that CPLR §3042(b) explicitly states that the bill of particulars may be amended "once as of course prior to the filing of a note of issue." It is undisputed that plaintiff failed to obtain leave of court prior to filing the Second BP, which was filed subsequent to the filing of the Note of Issue. The Second BP claims a right shoulder surgery that was not claimed in the first Bill of Particulars dated July 27, 2017. Although plaintiff argues that defendants knew of such surgery, defendants' knowledge of a surgery does not obviate

**154468/2017   TALBERT, LISBETH E. vs. C.A.C. INDUSTRIES, INC.**
**Motion No. 006**

**Page 2 of 5**

2 of 5

[* 2]

plaintiff's obligation to provide sufficient notice of all of her injuries and to claim all such injuries. Notably, while plaintiff contends that defendants had knowledge of the 2018 shoulder surgery, the report of defendants' medical expert, Jeffrey D. Klein, M.D., dated March 30, 2020, specifically states that plaintiff "was…involved in a motor vehicle accident in 2015 in which she injured her right shoulder; she denied a neck or lower back injury related to this accident. …This information is what was given by the claimant at our evaluation." Notice of Motion, Mot. Seq. No. 005, Exh. D, Dr. Klein's IME Report, dated March 30, 2020, p. 2. Thus, defendants attributed the right shoulder injury and surgery to plaintiff's 2015 motor vehicle accident, rather than to plaintiff's 2016 accident which is the subject of the instant action. Dr. Klein's IME Report further states that "right shoulder arthroscopy in 2015 with revision in 2016 (both prior to current accident)". *Id.* The Court notes that the shoulder surgery at issue herein was performed in June of 2018, over five and a half years prior to the filing of the Second BP, and nearly four years prior to the filing of the Note of Issue. There is no mention of the June 2018 right shoulder surgery in Dr. Klein's IME Report, dated March 30, 2020, with regard to the instant action. Even if this Court considers the Second BP as a "supplemental" bill of particulars, rather than an amended bill of particulars, it is still untimely pursuant to CPLR §3043(b). Such statute states that "[a] party may serve a supplemental bill of particulars with respect to claims of continuing special damages…without leave of court at any time, but not less than thirty days prior to trial." CPLR §3043(b). The Second BP was filed a mere 11 days prior to the March 4, 2024 trial date. Thus, plaintiff's Second BP was untimely served and filed, and is hereby stricken, and plaintiff is precluded from presenting evidence at trial related to the injuries claimed in the Second BP.

As to the portion of defendants' motion seeking to strike plaintiff's expert disclosures of Dr. McMahon and Dr. Guy, the Court finds that plaintiff failed to provide "appropriate notice"

**154468/2017   TALBERT, LISBETH E. vs. C.A.C. INDUSTRIES, INC.**
**Motion No. 006**

**Page 3 of 5**

pursuant to CPLR §3101(d). Such statute, relied upon by plaintiff, states that "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph." CPLR §3101(d)(1)(i). Here, plaintiff has failed to provide any reason for the delay in retaining Dr. McMahon and Dr. Guy, let alone establish good cause for the delay. One such disclosure was a mere seven days prior to the original trial date. As such, plaintiff's expert disclosures for Dr. Mark McMahon and Dr. Ali Guy are stricken.

As to plaintiff's cross-motion seeking to exclude defendants' biomechanical expert, Dr. Ronald J. Fijalkowski, Ph.D., plaintiff argues that such expert must be precluded as his testimony is not based upon generally accepted scientific methods. Alternatively, plaintiff seeks a *Frye* hearing. In opposition, defendants argue that Dr. Fijalkowski's methods are peer-reviewed and are generally accepted in the field.

It is well settled that expert testimony in New York must meet the *Frye* standard, as articulated by the Court of Appeals in *People v Wesley*. "The long-recognized rule of *Frye v United States*…is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field." *People v Wesley,* 83 NY2d 417, 422 (1994) (citing *Frye v United States*, 293 F. 1013 [D.C. Cir. 1923]). As to methodology, "[t]he burden of proving general acceptance rests upon the party offering the disputed expert testimony". *Dovberg v Laubach,* 154 A.D. 3d 810, 813 (2nd Dept 2017).

Defendants have offered evidence herein to establish that Dr. Fijalkowski is using a generally accepted methodology and one that has been accepted in many similar cases, as well as

**154468/2017  TALBERT, LISBETH E. vs. C.A.C. INDUSTRIES, INC.**
**Motion No. 006**

**Page 4 of 5**

4 of 5

[* 4]

having been peer reviewed. *See* defendants' Affirmation in Opposition dated April 8, 2024, Exh. A, Affidavit of Ronald J. Fijalkowski, Ph.D. in Opposition to Plaintiff's Notice of Cross-Motion and Affirmation in Support, p. 1-6. Contrarily, plaintiff offers no expert opinion to dispute that these methods are not generally scientifically accepted. In the instant action, defendants have provided evidence that Dr. Filjalkowski is using methods that are generally acceptable in the scientific community. Thus, plaintiff's arguments regarding the testimony of Dr. Filjalkowski applies to the weight of the expert's testimony rather than preclusion. As such, plaintiff's cross-motion is denied.

Accordingly, it is

ORDERED that defendants' order to show cause to strike is granted in part to the extent that plaintiff's Second BP dated February 22, 2024 is stricken, plaintiff is precluded from presenting evidence at trial related to the injuries claimed in the Second BP, and plaintiff's expert disclosures for Dr. Mark McMahon and Dr. Ali Guy are stricken; and it is further

ORDERED that plaintiff's cross-motion seeking to preclude defendants' biomechanical expert is denied in its entirety; and it is further

ORDERED that the parties shall appear on November 7, 2024 at 9:30am, in Part 40, 60 Centre Street, New York, NY 10007 for trial; and it is further

ORDERED that within 21 days of entry, defendants shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| | |
|---|---|
| **10/02/2024** | ADAM SILVERA, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154468/2017  TALBERT, LISBETH E. vs. C.A.C. INDUSTRIES, INC.**                    **Page 5 of 5**
**Motion No.  006**